| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| ALPHONSO CURTIS BROWNLEE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　Respondent. | CASE NO. 3:19-CV-05646-RBL-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND |

The District Court has referred this action to United States Magistrate Judge David W. Christel. On July 15, 2019, Petitioner Alphonso Curtis Brownlee, a pre-trial detainee housed at the Kitsap County Jail, filed a federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1. The Court has reviewed the Petition and concludes the Petition is unexhausted and it is inappropriate for the Court to intervene in this case. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by September 6, 2019.

ORDER TO SHOW CAUSE OR AMEND - 1

I. **Background**

In the Petition, Petitioner contends Respondent State of Washington violated his First, Sixth, and Fourteenth Amendment rights related to his state court proceedings and criminal charges. Dkt. 1.

II. **Discussion**

A. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant federal intervention in this case. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

B. *Younger* Abstention

Petitioner's case may also be inappropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Petitioner raises claims that would effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention applies to Petitioner's claims, Petitioner must show cause why this case should not be dismissed under *Younger*.

C. Conditions of Confinement

The Court notes Petitioner may be attempting to challenge the conditions of his confinement, not his physical confinement itself. *See* Dkt. 3, 4. If he is attempting to challenge

the conditions of his confinement, Petitioner must file a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

### III. Instructions to Petitioner and the Clerk

If Plaintiff intends to pursue this § 2241 habeas action, he must file response to this Order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended petition will act as a complete substitute for the Petition, and not as a supplement.

If Plaintiff fails to adequately address the issues raised herein or file an amended pleading on or before September 6, 2019, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and forms for filing a civil rights complaint.

Dated this 7th day of August, 2019.

David W. Christel
United States Magistrate Judge